**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td>

OPERATIVE PLASTERERS AND CEMENT
MASONS LOCAL NO. 29 ANNUITY FUND,
WELFARE FUND, APPRENTICE TRAINING
FUND, and MARC GALLO, *Trustee*

     *Plaintiffs*,

     v.

INDUSTRIAL CONSTRUCTION OF NEW
JERSEY, INC.,

     *Defendant*.

</td><td>

Civil Action No. 20-10278

**OPINION & ORDER**

</td></tr>
</table>

**John Michael Vazquez, U.S.D.J.**

     This matter comes before the Court on Plaintiffs' unopposed motion for default judgment under Federal Rule of Civil Procedure 55(b)(2). D.E. 7. The Court reviewed all submissions made in support of the motion[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiffs' motion is **DENIED**.

---

[1] Plaintiffs' brief in support of their motion for default judgment will be referred to as "Br.," D.E. 7-3.

## I.   FACTS AND PROCEDURAL HISTORY[2]

The Plaintiff funds are multiemployer annuity and welfare plans ("the Funds") maintained pursuant to a Collective Bargaining Agreement ("CBA") and 29 U.S.C. § 1002(37)(A). Compl. ¶ 5. Plaintiff Marc Gallo is a Trustee and fiduciary of the funds within the meaning of 29 U.S.C. § 1132(a)(3). *Id.* Defendant "is an employer within the meaning of 29 U.S.C. § 1002(5) and "is legally bound to a [CBA]" with the Operative Plasterers and Cement Masons Local No. 29 (the "Union"). *Id.* ¶¶ 2, 7-8.

Plaintiffs allege that during all relevant times, Defendant was a signatory to a CBA with the Union. *Id.* ¶ 10. Pursuant to the CBA, Defendant is bound to the terms and conditions governing the administration of the Funds, including their Agreements and Declaration of Trusts (the "Trust Agreements"). *Id.* ¶ 11. The Trust Agreement, the CBA, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, authorize the Funds' trustees "to take action to recover delinquent contributions" and "to recover interest on the delinquent contributions, liquidated damages in an amount equal to twenty percent (20%) of the total delinquency, and all costs, including audit and attorneys' fees incurred in collecting the delinquency." *Id.* ¶ 12. Additionally, the Trust Agreements and CBA "obligate Defendant to provide access to Defendants' pertinent employment and payroll records at its place of business in order to determine whether there has been compliance with the obligation to contribute to the Funds." *Id.* ¶ 13.

The Complaint alleges that Defendant "failed and refused to pay all of its contributions to the Funds" for the period of October 30, 2019 through July 31, 2020, and that "[t]he amount due

---

[2] The facts of this matter derive from the Complaint ("Compl."), D.E. 1, which the Court accepts as true for purposes of this motion for default judgment. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011).

for benefit fund contributions" is $362,274.51. *Id.* ¶¶ 14-15. Plaintiffs continue that under the CBA and 29 U.S.C. § 1132(g), they are authorized to recover liquidated damages amounting to 20% of any delinquency, 8% per annum interest on the delinquency, audit costs, attorneys' fees and legal costs, and "any other legal and equitable relief the Court deems proper." *Id.* ¶ 16. Plaintiff provides the following totals owed: $72,454.90 in liquidated damages on the delinquent and untimely payments from October 30, 2019 through July 31, 2020; $6,370.00 in interest on the delinquent and untimely payments; $459.95 for the costs of suit; and $90,568.63 for accounting and attorneys' fees.

Plaintiffs filed a Complaint on August 11, 2020. D.E. 1. On September 29, 2020, Plaintiff filed a request for the entry of default against Defendant, which the Clerk entered. D.E. 5. Plaintiffs then filed the present motion. D.E. 7.

## II.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

## III. ANALYSIS

### A. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (internal quotation omitted)).

Based on the allegations in the Complaint, it is unclear whether this Court has personal jurisdiction over Defendant. "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (alteration in original) (internal quotation omitted). The only relevant allegation in the Complaint is that "[u]pon information and belief, Defendants' address is 833 Ewing Avenue, Lyndhurst, NJ 07071." Compl. ¶ 9. Plaintiffs' brief in support of their motion for default judgment states that "Defendant was and is a for-profit domestic company organized

4

and operating in the State of New Jersey," Br. at 2. However, "[t]he essential facts establishing subject matter jurisdiction must be alleged in the complaint." *Van Wyk v. Cevasco*, No. 08-3650, 2009 WL 2365985, at *3 (D.N.J. July 31, 2009). In the Complaint, Plaintiffs failed to allege that the New Jersey address is Defendant's principal place of business, and the Complaint does not otherwise provide information concerning the state in which Defendant is incorporated. Thus, the Court cannot conclude that it has general personal jurisdiction over Defendant.

The Complaint also fails to plausibly allege facts to support specific personal jurisdiction. "Specific jurisdiction is attained when the controversy is related to or 'arises out of' a defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at *3 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Courts employ a three-part inquiry to determine whether specific personal jurisdiction exists. *Ross Univ. Sch. of Med. v. Amini*, No. 13-6121, 2014 WL 29032, at *5 (D.N.J. Jan. 2, 2014). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Second, the plaintiff's claim must 'arise out of or relate to' at least one of those specific activities." *Id.* (quoting *Helicopteros*, 466 U.S. at 414). "Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (alteration in original) (quoting *Burger King*, 471 U.S. at 476)). Here, the only allegation concerning Defendant's connection to New Jersey is that it maintains an office in Lyndhurst. Compl. ¶ 9. This bare allegation is insufficient to sufficiently demonstrate specific jurisdiction.

For the foregoing reasons, the Court is unable to conclude that it has personal jurisdiction over this matter and Plaintiffs' motion for default judgment is dismissed without prejudice.

**B. Additional Deficiencies**

Plaintiffs' motion for default judgment suffers from additional deficiencies.

It is unclear precisely what claim[3] Plaintiffs bring against Defendant. It is alleged that terms of the Trust Agreements, the CBA, and ERISA allow Plaintiffs to seek certain damages, but it is not apparent from the Complaint whether Plaintiffs' claim is a breach of contract action, an ERISA claim, or both. If Plaintiffs are bringing more than one claim, and ultimately seek default judgment on more than one claim, then Plaintiffs need to establish their right to default judgment (including the amount of damages) as to each claim.

Finally, while the factual allegations of the Complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Plaintiffs have failed to file sufficient proofs to support the damages they seek. Plaintiffs indicate that "an Affidavit of Proof as to the amount owed by Defendant to Plaintiffs" is annexed to their brief, Br. at 2, however, the Affidavit of Proof does not appear to be attached to any of Plaintiffs' filings. Plaintiffs also seek costs and attorneys' fees but fail to submit proofs demonstrating how these costs and fees were calculated or the reasonableness thereof.

**IV.    CONCLUSION AND ORDER**

Therefore, for the foregoing reasons, and for good cause shown,

**IT IS** on this 8th day of July, 2021

**ORDERED** that Plaintiffs' motion for default judgment, D.E. 7, is **DENIED** without prejudice; and it is further

---

[3] Because the Complaint uses the heading "Statement of Claim," the Court presumes that only one cause of action is asserted.

**ORDERED** that Plaintiffs are granted leave to file an Amended Complaint that cures the above noted deficiencies. Plaintiffs must file their Amended Complaint within thirty (30) days or this matter will be closed.[4]

_____
John Michael Vazquez, U.S.D.J.

---

[4] The Court would normally grant Plaintiffs leave to cure the deficiencies as to default judgment. However, because Plaintiffs' shortcomings relate in part to their Complaint, the Court grants Plaintiffs leave to file an Amended Complaint.